**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

VICTOR J. PAZOUREK        *

Plaintiff        *

v.        *        Civil Action No. JKB-15-3534

INTERNAL REVENUE SERVICE        *

Defendant        *

***

**MEMORANDUM OPINION**

The above-captioned case was filed on November 20, 2015, together with a motion to proceed in forma pauperis. ECF 2. Because plaintiff appears to be indigent, his motion shall be granted. For the reasons stated below, the complaint must be dismissed.

Plaintiff alleges that the Internal Revenue Service (IRS) erroneously determined that he was not entitled to an Earned Income Credit for tax years 2012 and 2013, resulting in a deficiency and tax levy on his personal bank account. ECF 1 at p. 2. He claims he was "recertified in 2009 for Earned Income Credit and do[es] not have to file form 8862 in the future." *Id*. Plaintiff references a 2010 letter from the IRS indicating he did not have to file the form again; however, that letter was not filed with this court. *Id*. He seeks an order from this court stating he is entitled to take the Earned Income Credit for 2012 and 2013 and awarding him a refund of the taxes previously seized and collected. *Id*. at p. 3.

Under 26 U.S.C. §6213(a), a person subject to a tax deficiency determination is entitled to file a petition for redetermination of the deficiency with the United States Tax Court. The petition must be filed within 90 days after the deficiency is authorized if the person is living in the United States at the time the deficiency is authorized. *Id*. This court does not have subject matter jurisdiction to consider the claim asserted. *See Cooper v. Commissioner of Internal*

*Revenue*, 718 F.3d 216 (3rd Cir. 2013) (Tax Court was only venue for claims of taxpayers to challenge tax prepayment deficiency notices).  In the absence of Plaintiff's filing a petition in Tax Court and successfully challenging the deficiency and assessment, this court may not consider a claim for overpayment interest on taxes.  *See Sunoco Inc. v. Commissioner of Internal Revenue*, 663 F.3d 181, 186-96 (3rd Cir. 2011).  The instant complaint must therefore be dismissed.

     A separate order follows.

_December 1, 2015_____            _____/s/_____
Date                               James K. Bredar
                                    United States District Judge